UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW HENRY,

                Petitioner,

   -against-                                                1:04-CV-0890
                                                                              (LEK)

UNITED STATES OF AMERICA,

                Respondent.
_____

**MEMORANDUM-DECISION AND ORDER**

    Andrew Henry ("Petitioner" or "Henry") brings this petition, *pro se*, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his Section 2255 motion papers, Henry argues that (1) he was denied effective assistance of counsel, in violation of his rights under the Sixth Amendment to the Constitution of the United States because his counsel failed to object to factual information in his Pre-Sentence Report, and the subsequent institution of applicable sentencing enhancements; and (2) the wrong guideline manual was used to determine guideline range.[1] For the following reasons, the petition is denied on the grounds that Henry's counsel was not ineffective, and that Henry's other claims are procedurally barred.

**I. BACKGROUND**

    On November 19, 2001, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. Plea

---

[1] Petitioner also made reference to an agreement regarding credit for prior time served. See Petition (Dkt. No. 1) at 5-6. However, due to a lack of sufficient supporting information, the Court declines to address this issue.

1

Agreement (Case No. 01-CR-235) (Dkt. No. 62). In the plea agreement, Henry admitted that he had "manufactured and/or obtained and/or completed numerous counterfeit checks," provided them to co-defendants, and transported those co-defendants to banks to cash the checks and return with the proceeds. Id. at 5-6. He also admitted that he and another co-defendant had "received the majority of the proceeds of the checks from the check cashers." Id. at 7. Henry stipulated that his base offense level pursuant to the United States Sentencing Guidelines ("U.S.S.G.") was six, but also that the maximum allowable punishment pursuant to 18 U.S.C. § 371 was sixty months. Id. at 9. Providing for a two level decrease for acceptance of responsibility, Henry stipulated to a U.S.S.G. range of eighteen to twenty-four months. Crim. Plea Minute Entry (Case No. 01-CR-235) (Dkt. No. 63) at 3. On January 9, 2004, Henry was sentenced to thirty-three months. Judgment (Case No. 01-CR-235) (Dkt. No. 136).

In the prior signed plea agreement, Henry agreed that the sentencing was "within the sole discretion of the sentencing Court, subject to the statutory maximum penalties set forth." Plea Agreement (Case No. 01-CR-235) (Dkt. No. 62) at 12. In his plea agreement, Henry only waived his right to appeal a sentence of twenty-four months or less, and therefore could have appealed his conviction.[2] Henry did not appeal from his conviction or sentence, but has instead brought this petition, and has therefore not exhausted all available remedies. Accordingly, all claims unrelated to ineffective assistance of counsel are procedurally barred and will not be discussed by this Court. See Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (holding that claims regarding a

---

[2] Pursuant to 18 U.S.C. § 3742, which provides in relevant part, "a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence is greater than the sentence specified in the applicable guideline range." 18 U.S.C. § 3742(a)(3).

sentencing court's error in failing to properly apply the U.S.S.G. are neither constitutional nor jurisdictional and therefore will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal). See also United States v. Pipitone, 67 F.3d 34 (2d Cir. 1995). However, Petitioner's claims of ineffective assistance of counsel will be examined on the merits. See Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that procedural default does not apply to claims of ineffective assistance of counsel).

## II. DISCUSSION

A. Henry's Counsel Was Not Ineffective

Petitioner claims his trial counsel's assistance was ineffective on several grounds. Henry alleges that his attorney was ineffective at plea in failing to object to factual information in the Pre-Sentence Report. Henry also alleges that his attorney was ineffective at sentencing for failing to object to the enhancements applied.

To support a claim for ineffective assistance of counsel, Henry must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," and that he was prejudiced by counsel's deficient acts or omissions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984); Johnson v. United States, 313 F. 3d 815, 817-18 (2d Cir. 2002). The first prong of this two prong test is subject to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 687. This presumption serves to "counteract the natural tendency to fault an unsuccessful defense." Nix v. Whiteside, 475 U.S. 157, 165 (1986). To meet the second part of the test, it must be determined if there is a reasonable probability that the outcome of the proceeding would have been different if counsel's challenged

3

conduct had been different.  <u>McKee v. United States</u>, 167 F.3d 103, 106 (2d Cir. 1999).

      <u>1. Petitioner Has Not Shown That He Entered Into His Plea Agreement Without Constitutionally Effective Counsel.</u>

Petitioner alleges that his attorney failed to voice his objections to factual information contained in his Pre-Sentence Report, and believes that "the information contained in the P.S.R. in regards to the role adjustment section may have erroneously been relied upon by the court when finding defendant was organizer/leader in the conspiracy." Petition (Dkt. No. 1) at 7.  However, this does not satisfy the Strickland standard for ineffective assistance of counsel.

At the plea proceeding, Henry waived the reading of his indictment, and confirmed that he had read, understood, and signed the plea agreement.  Crim. Plea Minute Entry (Case No. 01-CR-235) (Dkt. No. 63) at 2-3.  Henry's sworn statements carry a strong presumption of truthfulness, and the Court is entitled to rely on those statements.  See Muniz v. United States, 360 F. Supp. 2d 574, 578 (S.D.N.Y. 2005).  Henry's unsupported assertions in his current petition that his counsel disregarded his requests to object to the Pre-Sentence Report, are insufficient to combat his contradictory sworn statements at his plea.

While Petitioner believes that the Pre-Sentence Report was the basis for his sentencing enhancements, he has failed to concretely demonstrate that there is any "reasonable probability" that the outcome of the proceeding would have been different if his attorney had objected as Henry purportedly requested.  See McKee, 167 F.3d at 106.  Furthermore, Henry did stipulate to the facts necessary to support those enhancements in his Plea agreement.  <u>See</u> Plea Agreement (Case No. 01-CR-235) (Dkt. No. 62) at 5-7.

4

### 2. Petitioner Received Effective Assistance of Counsel at Sentencing.

Henry also alleges that his attorney should have objected to the enhancements at sentencing, citing Apprendi v. New Jersey, 530 U.S. 466 (2000). Petition (Dkt. No. 1) at 12. In <u>Apprendi</u>, the Supreme Court ruled that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490.

The maximum sentence for one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, is sixty months. Henry was sentenced to thirty-three months, which is well below the statutory maximum. Judgment (Case No. 01-CR-235) (Dkt. No. 136). As the judicial findings that led to the additional increases under the U.S.S.G. did not enhance the sentence beyond the prescribed statutory maximum, the sentence does not violate Apprendi. In order to meet the Strickland standard, Petitioner would need to show that an objection to his sentence would have been meritorious. However, under the applicable law at the time of sentencing, the enhancements applied to Henry's sentence were not unconstitutional pursuant to Apprendi. Petitioner has failed to demonstrate that his sentence was excessive, and "counsel's failure to make a meritless argument does not amount to ineffective assistance." United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

B. Henry's Sentence Was Properly Enhanced Under Governing Law at the Time.

Petitioner further contends that his Sixth Amendment jury trial right was violated by the imposition of sentence enhancements without requisite jury findings. Citing <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), Henry argues that his

sentence should not have been increased to thirty-three months from the eighteen to twenty-four months provided for by the U.S.S.G.  Supp. Petition (Dkt. No. 8) at 2.  The Supreme Court held in Blakely that the enhancement of a sentence based on judicial finding alone was improper because the supporting facts were not admitted to by the petitioner.  Blakely, 542 U.S. at 296.  In Booker, the Supreme Court held that the principle in Blakely is applicable to the U.S.S.G.  United States v. Booker, 125 S.Ct. 738, 746 (2005).  However, "where a defendant is sentenced on the basis of facts he freely and knowingly admitted in his plea agreement, the constitutional requirement of a sentence based solely on facts admitted by the defendant set forth in Blakely has been satisfied."  Colon v. United States, No. 05-2690, 2005 WL 2088412, at *8 (S.D.N.Y. Aug. 29, 2005) (citing United States v. Monsalve, 388 F.3d 71, 73 (2d Cir. 2004)).  Henry did stipulate to facts in his plea adequate to support the sentencing enhancements that were subsequently applied.  See Plea Agreement (Case No. 01-CR-235) (Dkt. No. 62) at 5-7.

Furthermore, as the Government stated in its response, such a claim may not be raised in this § 2255 petition.  Gov't Response (Dkt. No. 4) at 5.  The Second Circuit has made it clear that both Blakely and Booker have not been given retroactive effect.  Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); see also Eng v. Drew, No. 05-0141, 2005 U.S. Dist. LEXIS 25109, at *10 (N.D.N.Y. Apr. 20, 2005) (Kahn, D.J.) (stating that Blakely does not apply retroactively); Garcia v. United States, No. 04-0465, 2004 WL 1752588, at *5 (N.D.N.Y. Aug. 4, 2004) (holding that since "Apprendi does not apply retroactively to collateral attacks and Blakely is an extension of Apprendi, Blakely is similarly limited to prospective application.").  Since Henry was sentenced well before Blakely and Booker were decided, he is due no relief under these decisions.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Henry's petition to vacate, set aside, or alter his sentence is **DENIED**;

and it is further

**ORDERED** that the Clerk serve a copy of this Order on all parties by regular mail.

**IT IS SO ORDERED.**

DATED:     December 02, 2005
                   Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge